IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kenneth D. Meinhardt,<br><br>    Petitioner,<br><br>v.<br><br>Laura Escapule, et al.,<br><br>    Respondents. | No. CV-14-02677-PHX-GMS (ESW)<br><br>**REPORT AND RECOMMENDATION** |

**TO THE HONORABLE G. MURRAY SNOW, UNITED STATES DISTRICT JUDGE:**

  Pending before the Court is Kenneth D. Meinhardt's ("Petitioner") First Amended Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus (the "First Amended Petition") (Doc. 8). Respondents have filed a Limited Answer (Doc. 18), and Petitioner has replied (Doc. 19). The matter is deemed ripe for consideration.

  Petitioner raises four grounds for habeas relief in the First Amended Petition. The undersigned finds that Petitioner has not exhausted any of his federal habeas claims and that the claims are not procedurally defaulted. It is therefore recommended that the Court dismiss the First Amended Petition without prejudice.

## I. BACKGROUND

### A. Convictions and Sentences

  On June 30, 2000, the Maricopa County Grand Jury indicted Petitioner on five counts of armed robbery, each a class 2 felony and dangerous offense. (Doc. 18-1 at 2-

6).  As explained by the Arizona Court of Appeals,

> Counts 1 and 2 were based on robberies that occurred on November 23 and December 19, 1999, at a Little Caesar's Pizza shop and a Kentucky Fried Chicken restaurant.  Counts 3, 4, and 5 were based on robberies that occurred on June 8, June 11, and June 16, 2000, at the same 7-11 convenience store. The State further alleged that [Petitioner] had three historical non-dangerous felony convictions.
>
> [Petitioner] made a pre-trial motion to sever the five counts. The trial court granted the motion in part and directed that Counts 1 and 2 be severed from Counts 3, 4, and 5 and tried separately. At the commencement of trial on Counts 3, 4, and 5, the trial court granted the State's motion to dismiss Count 4. Upon trial to a jury, [Petitioner] was found guilty as charged on Counts 3 and 5.
>
> At his second trial, which was limited to Count 2, [Petitioner] was likewise found guilty as charged. Pursuant to a plea agreement, [Petitioner] thereafter pled guilty to Count 1 in exchange for the State's agreement that the sentence on Count 1 would run concurrent to his sentences on Counts 2, 3, and 5.
>
> [Petitioner] admitted to two prior non-dangerous felonies and was sentenced as a repetitive offender on Counts 3 and 5 by Judge Crane McClennen, who had presided over the first trial, to consecutive, presumptive 15.75-year prison terms. [Petitioner] was subsequently sentenced on Counts 1 and 2 by Judge Edward O. Burke, who had presided over the second trial and accepted [Petitioner's] plea agreement. Judge Burke also sentenced [Petitioner] as a repetitive offender based on [Petitioner's] admissions to his prior non-dangerous felonies, and ordered that he serve a presumptive 15.75-year term on Count 2 consecutive to the sentences on Counts 3 and 5 and a concurrent, aggravated 16-year term on Count 1.

(*Id*. at 79-80).

### B.  Direct Appeal

Petitioner timely appealed his convictions and sentences to the Arizona Court of Appeals.  (*Id*. at 78-93).  In July 2002, the Court of Appeals vacated Petitioner's convictions on Counts 3 and 5 after finding that the trial court abused its discretion by precluding alibi witnesses from testifying at trial as a sanction for Petitioner's untimely

disclosure of the alibi witnesses. (*Id*. at 80-86).

With respect to Counts 1 and 2, the Arizona Court of Appeals noted that the May 4, 2001 minute entry stated that Petitioner's sentence on Count 1 is 15.75 years and that Petitioner's sentence on Count 2 is sixteen years. (*Id*. at 85). After reviewing the transcript of the sentencing hearing, the Court of Appeals found that the May 4, 2001 minute entry "has the sentences on the two counts backwards." (*Id*.). "The transcript of the sentencing on Counts 1 and 2 makes clear that the trial court sentenced [Petitioner] to an aggravated 16-year prison term on Count 1 and a presumptive 15.75-year term on Count 2." (*Id*.). The court also found that the "transcript is also sufficiently clear that the trial court directed the sentence on Count 2 be served consecutive to the sentences previously imposed on Counts 3 and 5, and that the sentence imposed on Count 1 be served concurrent with the sentences on Counts 2, 3, and 5." (*Id*.). Under Arizona law, "[w]here there is a discrepancy between the oral sentence and the written judgment, the oral pronouncement of sentence controls." *State v. Hanson*, 674 P.2d 850, 859 (Ariz. Ct. App. 1983). The Court of Appeals therefore corrected the discrepancies in the May 4, 2001 minute entry to reflect that Petitioner's sentences on Counts 1 and 2 are to be served concurrently. (*Id*. at 86). Because the court vacated the convictions on Counts 3 and 5, it did not address the discrepancies in the minute entry as to those counts. (*Id*.).

In August 2002, the State petitioned the Arizona Supreme Court for review of the Arizona Court of Appeals' decision. (*Id*. at 95-103). After granting review, the Court found that the trial court did not abuse its discretion in precluding Petitioner's alibi witnesses from testifying as a discovery sanction and reinstated Petitioner's convictions on Counts 3 and 5. (*Id*. at 105, 108-18). The Court remanded the case to the Arizona Court of Appeals for reconsideration of the sentencing issues regarding Counts 3 and 5. (*Id*. at 118). On August 5, 2003, the Court of Appeals corrected Petitioner's "written sentencing order to conform with the oral pronouncement to reflect that the sentence on Count 1 shall be served concurrently with the sentences on Counts 3 and 5." (*Id*. at 128). Upon Petitioner's unopposed request, the Court of Appeals issued an order clarifying that

Petitioner's sentences on Counts 1, 2, and 3 are to be served concurrently with each other and that Petitioner's sentence on Count 5 is to be served consecutively to the sentence on Count 3. (*Id*. at 130-37).

### C. Proceedings After Direct Appeal

On March 15, 2004, the trial court issued a minute entry indicating that it received a "Notice of Completion of Post-Conviction Review" from Petitioner's defense counsel. (*Id*. at 142-43). The trial court gave Petitioner forty-five days in which to file a pro per petition for post-conviction relief ("PCR"). (*Id*.). When Petitioner failed to timely file a PCR petition, the trial court dismissed the PCR proceeding. (*Id*. at 149).

On March 2, 2011, Petitioner filed a "Writ of Habeas Corpus for Collateral Relief and Motion to Issue Corrected Sentencing Order to the Arizona Department of Corrections" (*Id*. at 151-55). Petitioner alleged that the Arizona Department of Corrections' ("ADOC") records erroneously reflected "the original sentence[ing] order . . . which runs Counts 1, 2, 3, and 5 *CONSECUTIVELY* to each other" instead of the corrected sentencing order that provided that "Counts 1, 2, and 3 were to run *CONCURRENTLY* to each other, and that Count 5 was to be served *CONSECUTIVE* to Count 3." (*Id*. at 153) (emphasis in original). The trial court deemed Petitioner's filing to be a Petition for Special Action and ordered the State to respond. (*Id*. at 157). In its Response, the State asserted that ADOC "correctly calculated" that Petitioner's sentences for *all* of the counts are to be served concurrently. (*Id*. at 161). The State indicated that September 13, 2014 is the commencement date for community supervision and October 30, 2014 is the "earned release credit date with no temporary release." (*Id*.). In its October 2011 ruling, the trial court stated that "Based on the DOC's Response, and having reviewed the record in this matter, the Court finds that the DOC's present calculation is accurate and that the DOC record as to [Petitioner's] sentence (as corrected after appeal) is correct." (*Id*. at 164).

On November 5, 2014, the State filed in the trial court a "Notice of Sentence Recalculation." (*Id*. at 167-68). The State explained that after ADOC conducted an audit

of Petitioner's sentence, it was discovered that Petitioner's sentence was incorrectly calculated at the time of Petitioner's March 2011 special action proceeding. (*Id*. at 167). The State could not explain how the State and ADOC reached the conclusion that all of Petitioner's sentences were to run concurrently. (*Id*. at 168). The State informed the trial court that the ADOC recalculated Petitioner's sentences to conform to the Arizona Court of Appeals' August 5, 2003 order. (*Id*.). Based on the recalculation, April 26, 2027 is the commencement date for Petitioner's community supervision and July 13, 2027 is the "earned release credit date with no temporary release." (*Id*.). On November 26, 2014, the trial court adopted the recalculated sentencing structure.[1] (*Id*. at 170).

On December 11, 2014, Petitioner filed a document in the trial court that is captioned "Motion to Strike Respondent's 'Notice of Sentence Recalculation' . . . ." (*Id*. at 172-93). In the Motion, Petitioner challenges the trial court's November 26, 2014 minute entry that adopted the ADOC's recalculation of Petitioner's sentence. (*Id*. at 175). Petitioner asserts that the trial court's October 2011 order, which found that all of Petitioner's sentences were to run concurrently, should be enforced. (*Id*. at 172-75). On December 19, 2014, the State filed a "Notice of Receipt of Defendant's 'Motion to Strike . . . .'" (*Id*. at 195-96). The State wrote that Petitioner's Motion is "in effect, a motion for reconsideration" and informed the trial court that pursuant to Ariz. R. Civ. P. 7.1(e), it will not respond to Petitioner's Motion unless and until the trial court orders a response. (*Id*. at 195). As of the date of this Report and Recommendation, the trial court has not ruled on Petitioner's Motion nor has it ordered the State to respond to the Motion.

On December 12, 2014, Petitioner initiated this federal habeas proceeding by filing a document captioned in part: "Petition for Writ of Habeas Corpus Under 28 USC § 2241" (Doc. 1) (the "Original Petition"). The Court construed the Original Petition as being filed pursuant to 28 U.S.C. § 2254 and dismissed the Original Petition for failure to

---

[1] Although the minute entry was issued on November 26, 2014, it was not filed until December 4, 2014. Both parties refer to the minute entry by the date it was issued, not filed. The exact date of the minute entry is not dispositive of Petitioner's claims. To enhance the clarity of this Report and Recommendation in relation to the parties' filings, the undersigned refers to the minute entry by using the November 26, 2014 issuance date.

use the court-approved from.  (Doc. 5).  On April 22, 2015, Petitioner filed the First Amended Petition (Doc. 8) on the court-approved form for a person in state custody who seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[2]  The Court ordered Respondents to answer (Doc. 9).  Respondents filed their Limited Answer on September 16, 2015 (Doc. 18).  Petitioner replied on September 24, 2015 (Doc. 19).

## II. LEGAL STANDARDS

A "state prisoner must normally exhaust available state remedies before a writ of habeas corpus can be granted by the federal courts." *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981); *see also Picard v. Connor*, 404 U.S. 270, 275 (1971) ("It has been settled since *Ex parte Royall*, 117 U.S. 241, 6 S. Ct. 734, 29 L.Ed. 868 (1886), that a state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus.").  The rationale for the doctrine relates to the policy of federal-state comity.  *Picard*, 404 U.S. at 275 (1971). The comity policy is designed to give a state the initial opportunity to review and correct alleged federal rights violations of its state prisoners.  *Id*.  As the U.S. Supreme Court has stated, "it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation."  *Darr v. Burford*, 339 U.S. 200, 204 (1950); *see also Reed v. Ross*, 468 U.S. 1,

---

[2] In a footnote on the first page of the First Amended Petition, Petitioner requests that the Court construe the First Amended Petition as being brought under 28 U.S.C. § 2241.  However, 28 U.S.C. § 2254 is the exclusive avenue for a prisoner, who is in custody pursuant to a state court judgment, to challenge the constitutionality of his or her detention. *See White v. Lambert*, 370 F.3d 1002, 1005-06, 1009 (9th Cir. 2004) ("the general grant of habeas authority in § 2241 is available for challenges by a state prisoner who is not in custody pursuant to a state court judgment-for example, a defendant in pre-trial detention or awaiting extradition"), *overruled on other grounds by Hayward v. Marshall*, 603 F.3d 546 (9th Cir. 2010).
   The Ninth Circuit decision *Stow v. Murashige*, 389 F.3d 880 (9th Cir. 2004), which Petitioner cites to support his argument that the First Amended Petition should be construed as being brought under 28 U.S.C. § 2241 is distinguishable from this case.  In *Stow*, the petitioner remained in custody after his judgment of conviction was vacated because the state sought a retrial, which the petitioner challenged on double jeopardy grounds.  *Id*. at 886-88.  The Ninth Circuit ruled that the habeas petition was "properly considered under 28 U.S.C. § 2241, not § 2254, because at the time Stow filed his petition he was not 'in custody pursuant to the judgment of a State court.'"  *Id*. at 882. Here, Petitioner is in custody pursuant to a state court judgment.  Therefore, 28 U.S.C. § 2254 is the exclusive avenue by which Petitioner may challenge his incarceration.

11 (1984) ("[W]e have long recognized that in some circumstances considerations of comity and concerns for the orderly administration of criminal justice require a federal court to forgo the exercise of its habeas corpus power.") (citations and internal quotation marks omitted).

The exhaustion doctrine is codified at 28 U.S.C. § 2254. That statute provides that a habeas petition may not be granted unless the petitioner has (i) "exhausted" the available state court remedies; (ii) shown that there is an "absence of available State corrective process"; or (iii) shown that "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1). A district court has the discretion to stay a habeas petition that contains both exhausted and unexhausted claims. *Rhines v. Weber*, 544 U.S. 269 (2005); *Raspberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006). Regarding petitions containing only unexhausted claims, the Ninth Circuit Court of Appeals has explained that "[o]nce a district court determines that a habeas petition contains only unexhausted claims, it need not inquire further . . . Instead, it may simply dismiss the habeas petition for failure to exhaust." *Rasberry*, 448 F.3d at 1154.

### III. DISCUSSION

In the First Amended Petition, Petitioner asserts that he should have been released from prison in 2014 pursuant to the trial court's October 2011 minute entry. (Doc. 8 at 1, n.1). All four of Petitioner's grounds for habeas relief pertain to the trial court's November 26, 2014 minute entry that adopted the ADOC's recalculation of Petitioner's sentence:

> Ground One: "After considerable ongoing litigation arising from ambiguities in the sentence as pronounced . . . the trial court entered the final result, calculated by ADOC and presented by the Attorney General in special action of 21 October 2011. As the release date neared of 9/13/14 . . . the local complex calculated a release date without reference to the appellate corrections, and changed from the final concurrent format, to a consecutive on, effectively overruling the court of appeals and special action."

(*Id.* at 6).

Ground Two: "Rather than upholding the decision of the appellate proceedings . . . [the State] chose to embrace the local complex consecutive sentence structure, presenting a 'notice of sentence recalculation' in complete disregard for res judicata, and a violation of Amendment V due process, and of double jeopardy." (*Id.* at 7).

Ground Three: "In adopting the 'sentence recalculation' the trial court ignored any input of the Petitioner . . . allowing for an ex parte 'recalculation' to be entered by the court in complete absence of jurisdiction." (*Id.* at 8).

Ground Four: "Where all release arrangements had been made . . . to pull back someone days from release which he had earned after over fourteen years of imprisonment constitutes cruel and unusual punishment, in violation of Amendment VII of the United States Constitution." (*Id.* at 9).[3]

The only document that Petitioner has filed in state court pertaining to the trial court's November 26, 2014 minute entry is the "Motion to Strike Respondent's 'Notice of Recalculation' . . . ." (Doc. 18-1 at 172-89). As Respondents explain in their Limited Answer (Doc. 18 at 8-11), Petitioner's Motion is currently pending in the trial court and Petitioner has not filed a PCR petition raising the claims presented in this habeas

---

[3] In the First Amended Petition, Petitioner states that "Ground Three and Four are respectfully also submitted under 42 USC § 1983 . . . in addition to grounds for habeas relief." To the extent Petitioner intends to present civil rights claims, Petitioner must file a separate action filed pursuant to 42 U.S.C. § 1983. *Muhammad v. Close*, 540 U.S. 749, 750 (2004) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus . . . . [R]equests for relief turning on the circumstances of confinement may be presented in a § 1983 action.").
Petitioner also states that Grounds Three and Four are also submitted for "reference to the United States Attorney pursuant to 18 USC § 4 under 18 USC § 1201," which are the statutes setting forth the elements of the crimes of Misprision of Felony and Kidnapping. The Court lacks jurisdiction to institute criminal charges. A civil litigant has no private right of action under a criminal statute. *See, e.g, United States v. Oguaju*, 76 F. App'x 579, 581 (6th Cir. 2003); *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 511 (2nd Cir. 1994). Criminal actions in the federal courts are initiated by the United States Attorney. 28 U.S.C. § 547; Fed. R. Crim. P. 7(c).

proceeding. The deadline for a PCR petition has expired.[4] However, an Arizona court may allow Petitioner to file an untimely PCR petition that contains Petitioner's claims in Grounds One through Four. This is because all of the claims allege that Petitioner is being incarcerated after the expiration of his sentence. *See* Ariz. R. Crim. P. 32.1(d), 32.4(a) (providing that an untimely PCR petition may proceed for a claim that a defendant is being held in custody after the defendant's sentence has been imposed). The undersigned therefore does not find that Petitioner's habeas claims are procedurally defaulted. *See Cassett v. Stewart*, 406 F.3d 614, 623 (9th Cir. 2005) (concluding that a habeas claim was not procedurally defaulted where it was not clear that the Arizona courts would hold petitioner's claim barred under Ariz. R. Crim. P. 32.2(a)(3)); 28 U.S.C. § 2254(c) (a habeas petitioner "shall not be deemed to have exhausted the remedies available in the courts of the State . . . if [the petitioner] has the right under the law of the State to raise, *by any available procedure*, the question presented" in the habeas petition) (emphasis added). Because Petitioner has not exhausted his habeas claims in state court and the claims are not procedurally defaulted, the undersigned recommends that the Court dismiss the First Amended Petition (Doc. 8) without prejudice. *Rasberry*, 448 F.3d at 1154.

## IV. CONCLUSION

Based on the foregoing discussion,

**IT IS RECOMMENDED** that the Court dismiss the First Amended Petition (Doc. 8) without prejudice.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. However, pursuant to Rule 72(b), Fed. R. Civ. P., the parties shall have fourteen days

---

[4] Ariz. R. Crim. P. 32.4(a) provides that in all non-capital cases, except those where a defendant is entitled to an of-right PCR proceeding, "the [PCR] notice must be filed within ninety days after the entry of judgment and sentence or within thirty days after the issuance of the order and mandate in the direct appeal, whichever is the later."

from the date of service of a copy of this recommendation within which to file specific written objections with the Court. Thereafter, the parties have fourteen days within which to file a response to the objections. Failure to file timely objections to any factual determinations of the Magistrate Judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003); *Robbins v. Carey*, 481 F.3d 1143, 1146-47 (9th Cir. 2007).

Dated this 22nd day of March, 2016.

_____
Eileen S. Willett
United States Magistrate Judge