WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| Kenneth D. Meinhardt, | No. CV-14-02677-PHX-GMS |
|---|---|
| Petitioner, | **ORDER** |
| v. | |
| Laura Escapule, et al., | |
| Respondents. | |

Pending before the Court are Petitioner Kenneth D. Meinhardt's ("Petitioner") First Amended Petition for Writ of Habeas Corpus ("Petition"), (Doc. 8), and United States Magistrate Judge Eileen S. Willett's Report and Recommendation ("R & R"), (Doc. 20.) The R & R recommends that the Court dismiss the Petition without prejudice. (Doc. 8 at 9.) Petitioner filed a timely objection to the R & R. (Doc. 18.) Thus, the Court will make a de novo determination of those portions of the R & R to which an objection is made. 28 U.S.C. § 636(b)(1); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). For the following reasons, the Court accepts the R & R and dismisses the Petition without prejudice.

## BACKGROUND

The R & R sets forth a detailed factual and procedural background of this case, to which neither party objected. The Court therefore adopts this background as an accurate recital, but will provide a brief summary here.

///

Petitioner was convicted of three counts of armed robbery, and pled guilty to a fourth count on the same charge, in Maricopa County Superior Court in 2001. (Doc. 18-1 at 79–80.) From the beginning, there appears to have been some confusion about the exact relationship of Petitioner's sentences on each count. In July 2002, the Arizona Court of Appeals summarized the trial court's sentence as "a presumptive 15.75-year term on Count 2 consecutive to the sentences on Counts 3 and 5 and a concurrent, aggravated 16-year term on Count 1." (*Id.*) In a subsequent proceeding in August 2003, the Court of Appeals clarified that the sentences on Counts 1, 2, and 3 were concurrent, with the sentence on Count 5 to be served consecutively to the sentence on Count 3. (*Id.* at 130–37.)

Petitioner in 2011 filed a "Writ of Habeas Corpus for Collateral Relief and Motion to Issue Corrected Sentencing Order to the Arizona Department of Corrections" in Maricopa County Superior Court. (*Id.* at 151–55.) Petitioner asserted that his inmate records incorrectly indicated that his sentences were all to be served consecutively, when in reality only one sentence should be consecutive to the three concurrent sentences. (*Id.* at 153.) In the resulting proceeding, the State asserted, apparently erroneously, that Petitioner's sentences were all to be served *concurrently*, thus giving Petitioner a release date of September 13, 2014. (*Id.* at 161.) The court accepted the State's assessment and ruled accordingly. (*Id.* at 164.) But at some point (alleged by Petitioner to be September 5, 2014, (Doc. 8 at 15)), the State recalculated Petitioner's sentence. In a "Notice of Sentence Recalculation" filed on November 5, 2014, the State informed the court that it had caught its prior error and that Petitioner's release date should be April 26, 2027. (Doc. 18-1 at 167–68.) The court adopted the new sentencing structure. (*Id.* at 170.)

Petitioner challenged the sentence adjustment in the trial court on December 11, 2014. (*Id.* at 172–93.) The following day, December 12, 2014, Petitioner filed his initial habeas petition in this Court. (Doc. 1.) As amended, the Petition asserts that Petitioner is entitled to relief based on res judicata, Fifth Amendment due process, double jeopardy, lack of jurisdiction, and the Eighth Amendment. (Doc. 8 at 6–9.)

**DISCUSSION**

**I.     Legal Standard**

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). It is "clear that the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). District courts are not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985).

**II.    Analysis**

Petitioner does not specifically object to much of the R & R. He does not dispute what the magistrate judge found dispositive: that Petitioner has not exhausted his state court remedies. Petitioner does, however, specifically object to four particular points, about which the Court will therefore undertake a de novo review.

First, Petitioner argues that the magistrate judge erred in finding that the Petition was brought under 28 U.S.C. § 2254, rather than 28 U.S.C. § 2241. Petitioner contends that because his sentence has (or should have) ended, he is no longer "a person in custody pursuant to the judgment of a State court" under § 2254. Instead, he argues, he is merely "in custody in violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2241. In support of this, Petitioner cites *Stow v. Murashige*, 389 F.3d 880 (9th Cir. 2004). In *Stow*, the Ninth Circuit held that a prisoner in custody pending retrial after a vacated conviction was not "in custody pursuant to the judgment of a State court" under § 2254. 389 F.3d at 886–88. The Ninth Circuit explained that after Stow's conviction was vacated, Stow "had yet to be lawfully convicted of any . . . charged offense," meaning there was no judgment to base his custody on. *Id.* at 888. Petitioner contends that he, likewise, is in custody in the "absence of [a] state court judgment" because of the "expiration" of his sentence. But Ninth Circuit precedent does not support equating the two. *See White v. Lambert*, 370 F.3d 1002, 1005–06 (9th Cir. 2004) (noting

that § 2254 applies so long as "'the person is in custody pursuant to the *judgment* of a state court, and not in state custody for some other reason, such as pre-conviction custody, custody awaiting extradition, or other forms of custody that are possible without a conviction'" (quoting *Walker v. O'Brien*, 216 F.3d 626, 633 (7th Cir. 2000))), *overruled on other grounds by Hayward v. Marshall*, 603 F.3d 546 (9th Cir. 2010). Petitioner is in custody as a result of a conviction, and the magistrate judge was correct in concluding that Petitioner's petition is properly brought under § 2254.

Second, Petitioner argues that "[e]ven if, in some hallucinogenic logic § 2254 were to be applied, exhaustion and procedural bar would be found to be waivable as non-jurisdictional." (Doc. 21 at 5.) Petitioner is correct in noting that exhaustion and procedural bar are not jurisdictional. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991). In some circumstances, as demonstrated by the cases Petitioner cites, courts will find that a prisoner has exhausted his state remedies when he has not explicitly re-pled his claims at every level of review, or that a prisoner is not procedurally barred thanks to action by the State. *See Sandgathe v. Maass*, 314 F.3d 371, 376–78 (9th Cir. 2002) (finding petitioner exhausted state remedies even without explicitly asserting federal claims in appellate proceedings); *Robinson v. Ignacio*, 360 F.3d 1044, 1053–54 (9th Cir. 2004) (finding no procedural bar when petitioner reasonably relied on government's pleadings in choosing not to raise certain issues). But these cases do not apply to Petitioner's situation. The issue is not whether he preserved his federal claims throughout the state post-conviction proceedings, or whether he had an excuse for not doing so; the issue is that he has not yet fully gone through state post-conviction proceedings at all. Petitioner does not dispute that further state proceedings are available to him, and provides no reason as to why he should be excused from pursuing them.

Third, Petitioner objects to the magistrate judge's finding, based on *Muhammad v. Close*, 540 U.S. 749, 750 (2004), that Petitioner may not submit claims under 42 U.S.C. § 1983 as part of his habeas petition. (Doc. 21 at 5 n.8.) *Muhammad* involved a § 1983 suit by a prisoner stemming from an altercation with a prison official and a subsequent

disciplinary proceeding. Generally, "where success in a prisoner's § 1983 damages action would implicitly question the validity of conviction or duration of sentence," the prisoner must first seek relief through a habeas challenge to the underlying conviction or sentence. 540 U.S. at 751 (citing *Heck v. Humphrey*, 512 U.S. 477 (1994)). The Supreme Court held that Muhammad's suit could proceed as a § 1983 action rather than a habeas claim, because it "raised no claim on which habeas relief could have been granted." *Id.* at 755. This was so, because the suit "could not be construed as seeking a judgment at odds with his conviction *or with the State's calculation of time to be served in accordance with the underlying sentence*." *Id.* at 754–55 (emphasis added). Petitioner is therefore correct in describing *Muhammad* as holding that a prisoner may pursue § 1983 claims "where the challenge to misconduct will have no bearing on the lawful sentence." (Doc. 21 at 5 n.8.) But Petitioner's claims *do* address his sentence, and specifically "the State's calculation of time to be served." *See* 540 U.S. at 755. *Muhammad* applies and prevents Petitioner from raising § 1983 claims in his habeas petition.

Finally, Petitioner objects to the magistrate judge's finding that Petitioner may not use his habeas petition to refer people to the U.S. Attorney for criminal charges. Petitioner's First Amended Petition stated that "[g]rounds three and four are respectfully also submitted . . . for reference to the United States Attorney pursuant to 18 USC § 4 under 18 USC § 1201." As an initial matter, neither of these statutes provides a litigant with a private right of action. *See Coats v. Mandarich Law Grp., LLP*, No. 2:13-cv-246-EFB PS, 2014 WL 545432, at *6 (E.D. Cal. Feb. 12, 2014); *Jianjun Xie v. Oakland Unified Sch. Dist.*, No. C 12-02950 CRB, 2012 WL 5899707, at *5 (N.D. Cal. Nov. 19, 2012). Petitioner argues that 18 U.S.C. § 4, which provides for criminal penalties against anyone who has "knowledge of the actual commission of a felony" and fails to "make known the same to some judge," implicitly recognizes a private right to refer a felony[1] to the United States Attorney's office for prosecution. This assertion finds no support in

---

[1] In his case, he alleges, kidnapping, under 18 U.S.C. § 1201.

- 5 -

case law or in the text of the statute itself.

Petitioner makes no specific objections to the R & R besides the four discussed above. This relieves the Court of its obligation to review the remainder of the R & R. *See Reyna-Tapia*, 328 F.3d at 1121; *Thomas v. Arn*, 474 U.S. 140, 149 (1985) ("[Section 636(b)(1)] does not . . . require any review at all . . . of any issue that is not the subject of an objection."); Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."). The Court has nonetheless reviewed the R & R and finds that it is well-taken. The Court will accept the R & R and dismiss the Petition without prejudice. *See* 28 U.S.C. § 636(b)(1) (stating that the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate"); Fed. R. Civ. P. 72(b)(3) ("The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.").

**IT IS THEREFORE ORDERED** that Magistrate Judge Eileen S. Willett's Report and Recommendation, (Doc. 20), is **ADOPTED**.

**IT IS FURTHER ORDERED** that Kenneth D. Meinhardt's First Amended Petition for Writ of Habeas Corpus, (Doc. 8), is **DISMISSED WITHOUT PREJUDICE**. The Clerk of Court is directed to terminate this action and enter judgment accordingly.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, in the event Petitioner files an appeal, the Court declines to issue a certificate of appealability because reasonable jurists would not find the Court's procedural ruling debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Dated this 27th day of September, 2016.

Honorable G. Murray Snow
United States District Judge